# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **ROBERT CURTIS, LEIGH CURTIS and CT ppa LEIGH CURTIS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SOLITUDE SKI CORPORATION, a Utah Corporation,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:14-cv-430**<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Solitude Ski Corporation's ("Defendant") motion to compel.[2]  Specifically, Defendant seeks an order requiring Robert Curtis et al. (collectively, "Plaintiffs") to fully respond to its Interrogatories nos. 8, 9, and 10, and to produce the documents sought in Requests for Production of Documents nos. 2, 4, 6, and 13.  Defendant also seeks an order awarding its attorney fees and costs incurred in attempting to obtain full and proper responses to its discovery requests from Plaintiffs.

Plaintiffs have failed to file a response to Defendant's motion, and the time for doing so has long since passed.  *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(3)(A).  That alone is a basis for granting Defendant's motion.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice.").  Furthermore, the court concludes that Plaintiffs' objections to Defendant's discovery requests are improper.  Rule 37 of

---

[1] *See* docket no. 50.

[2] *See* docket no. 49.

the Federal Rules of Civil Procedure provides that if a motion seeking discovery "is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

For the reasons set forth in Defendant's motion to compel, and for good cause appearing, said motion is **GRANTED**.  To the extent that they have not done so already, Plaintiffs are ordered to provide proper and complete responses to Defendant's Interrogatories nos. 8, 9, and 10 and to produce the documents sought in Defendant's Requests for Production of Documents nos. 2, 4, 6, and 13.  Plaintiffs shall supplement its responses to Defendant's discovery requests no later than October 3, 2016.

In addition, this court concludes that Plaintiffs' failure to fully answer Defendant's discovery requests and their failure to respond to Defendant's motion was not substantially justified, thus necessitating court involvement in this matter.  Accordingly, within fourteen (14) days of the date of this order, Defendant shall submit a cost memorandum detailing the fees incurred in bringing this motion.  Upon the filing of Defendant's cost memorandum, Plaintiffs may file a response to it within seven (7) days.  Based on the parties' submissions, the court will then determine an appropriate and reasonable sanction award.

**IT IS SO ORDERED**.

DATED this 19th day of September, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge